

FILED

NOT FOR PUBLICATION

FEB 22 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

VILAY SIRIPHONE,

Plaintiff - Appellant,

v.

ACCEPTANCE INDEMNITY
INSURANCE COMPANY; DOES 1
THROUGH 10, INCLUSIVE,

Defendants - Appellees.

No. 09-56504

D.C. No. 3:07-cv-01656-L-JMA

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Argued and Submitted February 10, 2011
Pasadena, California

Before:  HAWKINS and FISHER, Circuit Judges, and WOLF, Chief District
Judge.[**]

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The Honorable Mark L. Wolf, Chief United States District Judge for the
District of Massachusetts, sitting by designation.

Vilay Siriphone argues Acceptance Indemnity Insurance Company breached the implied covenant of good faith and fair dealing and breached its insurance contract in determining the policy benefits due to Siriphone after his auto repair shop was burglarized. The district court granted summary judgment in favor of Acceptance on both of Siriphone's claims. We affirm.

1. Breach of the implied covenant of good faith and fair dealing. Siriphone contends Acceptance breached the implied covenant by conducting an inadequate investigation of his claim and unreasonably delaying settlement. We conclude, however, that there was no genuine issue of material fact as to whether Acceptance's investigation was reasonable. There is no evidence that any error Acceptance may have made in handling the claim resulted from anything more than "'honest mistake, bad judgment or negligence.'" *Chateau Chamberay Homeowners Ass'n v. Assoc. Int'l Ins. Co.*, 90 Cal. App. 4th 335, 346 (Cal. App. 2001) (quoting *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 272 Cal. Rptr. 387, 399-400 (1990)). Moreover, the delay in settling Siriphone's claim was justified by genuine disputes over the interpretation of the policy, the value of the shop's standing inventory and the value of the tools stolen. *See Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 995-96 (9th Cir. 2001). The district court correctly concluded there was no genuine issue of material fact as to Acceptance's bad faith.

2

2.  Breach of contract.  Siriphone's breach of contract claim is based on the same claims mishandling conduct as his claim for breach of the implied covenant of good faith and fair dealing.  The breach of contract claim was therefore properly dismissed for the same reasons the bad faith claim was dismissed.  *See Archdale v. Amer. Int'l Specialty Lines Ins. Co.*, 64 Cal. Rptr. 3d 632, 647 n.19 (Cal. App. 2007).

**AFFIRMED.**